PER CURIAM.
Upon the petition of Eugene Tyndall for writ of habeas corpus the writ issued and respondent, H. G. Cochran, Jr., Director, Division of Corrections, was directed to file his return to it. The return has now been filed and petitioner has filed in opposition thereto his traverse.
Petitioner was convicted on November 12, 1957 of manslaughter and was placed on probation by the court. Prior to the expiration of that probation he was brought before the trial judge upon charges that he had violated the terms of his probation.
Petitioner was advised of the charges and the judge then announced that the conditions of the probation had been violated and the probation would be revoked. He then issued his order revoking the probation and sentencing petitioner to imprisonment on his manslaughter conviction.
Under Sec. 948.06(1), F.S.A. the judge was warranted in revoking the probation at that time, only if the petitioner had admitted the charges that he had violated the conditions of his probation. If he at that time denied the charges he was by the terms of the statute entitled to further hearing at which he would be given opportunity "to be fully heard on his behalf in person or by counsel.”
In his petition the petitioner asserted that when he was brought before the court he denied that he was guilty of the charges made and asked for opportunity to engage counsel and obtain witnesses so that he might establish his innocence. He alleged the judge denied this request and forthwith revoked the order of probation.
In his return the respondent asserted that when brought before the court the petitioner admitted the charges and did not request a continuance or further hearing. These assertions by the respondent are unsupported by any exhibit filed with his brief.
Petitioner in his traverse reasserted that he had denied the charges and requested a full hearing.
Thus, we are faced with a dispute as to factual matters. This requires that we refer the matter to a commissioner of this court to make findings upon which this dispute may be resolved.
Accordingly, we hereby refer this matter to Honorable Gunter Stephenson, one of the judges of the Circuit Court, Tenth Judicial Circuit, to take such testimony as he shall deem necessary and make findings on the issues discussed herein and thereafter with all convenient speed to report thereon to this Court.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, THORNAL and O’CONNELL, JJ-, concur.